UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY WEDYKE,

        Plaintiff,

                               Case No.  18-CV-10168

vs.                            HON.  GEORGE CARAM STEEH

SPEEDWAY LLC,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT (DOC. 14)

Plaintiff Dorothy Wedyke brings this negligence action against

Defendant Speeway LLC arising out of her slip and fall in the snow and

slush covered parking lot of a gas station on December 17, 2016.  Now

before the court is Defendant's motion for summary judgment on the

grounds that the slushy conditions were obvious, and Plaintiff's claim that

she tripped on a crack in the pavement is allegedly refuted by Defendant's

surveillance video.  Oral argument was held on February 11, 2019 and

informs this court's decision.  Plaintiff filed a supplemental response brief

without leave of court.  The court offered to Defendant the opportunity to

file a sur-reply brief, which Defendant declined.  In reaching its decision

here, the court has considered the photographs submitted by Plaintiff at the

hearing.  Because a genuine issue of material fact exists as to whether Plaintiff tripped on a crack in the pavement, Defendant's motion for summary judgment will be denied.

## I. Background

On December 17, 2016, Plaintiff fell in the parking lot of a Speedway gas station in Sterling Heights, Michigan, landed on her wrist, and fractured it severely.  At the time, the parking lot was covered in slush.  Plaintiff testified at her deposition that her boot heel caught in a crack in the pavement which caused her fall.  (Doc. 14, Ex. 1 at PgID 144-46).  Plaintiff has produced photographs of the crack which her nephew took at some point after the incident.  (Doc. 14, Ex. 2 at PgID 205-06).  Defendant has submitted surveillance video from the date of the fall which it claims shows Plaintiff slipping on slush away from the alleged crack.  (Doc. 14, Ex. 3).  Plaintiff responds that the video is consistent with her claims, and that the video is inconclusive as to where her foot was located in relation to other objects in the video, such as her car and the tank cover.

## II. Standard of Law

Rule 56(c) empowers a court to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc) (citing Fed. R. Civ. P. 56(c)). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distrib. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. There must instead be evidence from which a jury could reasonably find for the non-movant. *McLean v. 988011, Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000) (citing *Anderson*, 477 U.S. at 252). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. Analysis

Plaintiff brought a state law negligence claim in Macomb County Circuit Court which Defendant removed here on the basis of diversity

jurisdiction.  "In [an] action arising under federal diversity jurisdiction, we apply the substantive law of Michigan, as the forum state."  *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012).  Under Michigan law, to establish a prima facie case of negligence, "a plaintiff must introduce evidence sufficient to prove that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach of its duty was a proximate cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *Berryman v. K Mart Corp.*, 193 Mich. App. 88, 91-92 (1992).  Defendant argues that Plaintiff's negligence claim is barred by the open and obvious doctrine because her injury arose solely out of snowy and slushy conditions.  *See Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 516 (2001) (premises owner's duty does not extend to situations where danger is open and obvious); *Ververis v. Hartfield Lanes*, 271 Mich. App. 61, 67 (2006) (snow-covered surface presents open and obvious danger).  Plaintiff does not dispute that if her claim arose solely from slushy conditions, her negligence claim would be barred by the open and obvious doctrine.  But Plaintiff alleges she tripped on a crack in the pavement.  Defendant does not dispute that the presence of the cracked pavement may give rise to a negligence claim, but argues that there is no factual basis to Plaintiff's claim that the crack caused her slip and fall.

Defendant relies on a surveillance video which depicts Plaintiff's fall which it argues shows that Plaintiff slipped on slush and did not trip on a crack in the pavement.  Defendant argues that the video shows that Plaintiff could not have tripped on the crack as she slipped near white tank covers yet the crack would have been beneath her rear bumper, not where she began to fall.  Plaintiff, on the other hand, argues that the crack is apparent in the surveillance video and shows that Plaintiff caught her boot in the crack.  Plaintiff also argues that the video is inconclusive as to where Plaintiff's foot was actually located in relation to her car and the tank covers.

The court has carefully reviewed the surveillance video and does not find it to be conclusive as to where the crack was located, and whether Plaintiff tripped on a crack in the pavement or slipped on slush.  This is not a case where incontrovertible video evidence exists.  Instead, reasonable minds can differ and jurors may accept Plaintiff's version of the occurrence or not.  Thus, Plaintiff's case survives.  Because the video evidence is inconclusive, Plaintiff's photograph of the crack in the pavement (Doc. 14, Ex. 2 at PgID 205-06) and deposition testimony that she caught her heel in a crack in the pavement (Doc. 14, Ex. 1 at PgID 144-46) are sufficient to

raise a genuine issue of material fact as to whether Defendant breached its

duty of care.

## IV. Conclusion

For the reasons stated above, Defendant's motion for summary

judgment (Doc. 14) is DENIED.

IT IS SO ORDERED.

Dated:  February 12, 2019

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 12, 2019, by electronic and/or ordinary mail.

<u>s/Marcia Beauchemin</u>
Deputy Clerk