UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY WEDYKE,

    Plaintiff,

vs.

Case No. 18-CV-10168
HON. GEORGE CARAM STEEH

SPEEDWAY LLC,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS *IN LIMINE* (Doc. 26 & 27)

This is a premises liability action arising out of Plaintiff Dorothy Wedyke's fall at Defendant Speedway LLC's gas station in Sterling Heights, Michigan. Now before the court are Defendant's two motions *in limine* to exclude (1) evidence of the death of Plaintiff's husband and daughter, and (2) evidence of Plaintiff's cancer and cancer-related treatment. For the reasons set forth below, Defendant's motions shall be denied.

## I. Background

On December 17, 2016, Plaintiff fell at a Speedway gas station in Sterling Heights. Defendant maintains that Plaintiff slipped on slush which was open and obvious. Plaintiff, on the other hand, maintains that her boot caught in a defect in the pavement which was hidden by the slush. There

is no dispute that Plaintiff broke her wrist and required surgery. Plaintiff alleges it is a permanent injury, and that she suffers dull pain daily. She is seeking pain and suffering damages only and has no claim for economic losses or medical expenses.

Plaintiff's daughter died more than five years before her fall, and within a year after her daughter's death, her husband died of a heart attack. Before her fall, Plaintiff was treated for malignant skin cancer and has been receiving treatment since 2015.

Defendant seeks to exclude all evidence pertaining to the death of Plaintiff's daughter and husband and her skin cancer. Defendant argues that the evidence is irrelevant because it does not bear on the elements of Plaintiff's negligence claim, and prejudicial because it will evoke sympathy for her. Plaintiff responds that the evidence sought to be excluded is relevant to understanding Plaintiff's background and damages claim, and is not unduly prejudicial.

## II. Standard of Law

A motion *in limine* is a motion "'to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The goal of a motion *in limine* is "'to narrow the

evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). But motions *in limine* are usually reserved for situations where the evidence to be eliminated is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). In general, "a better practice is to deal with questions of admissibility of evidence as they arise" at trial. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may still be excluded by the court if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. Analysis

**A.  Relevance under Fed. R. Evid. 401**

Defendant argues the evidence sought to be excluded is irrelevant because it does not address one of the elements of Plaintiff's negligence claim. Defendant is no doubt correct that in determining relevancy, the

court must consider the elements of Plaintiff's negligence claim. But evidence which is admissible is not strictly limited to those matters in dispute. The advisory notes to Federal Rule of Evidence 401 provide, "[e]vidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding." "[C]ourts have always admitted evidence 'which is essentially background in nature.'" 22 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure Evidence § 5164 (2d ed.) (quoting Advisory Notes to Fed. R. Evid. 401). As one oft cited Evidence Treatise explains, not all evidence must bear directly on the issues at hand, as "some evidence that is merely ancillary to evidence that bears directly on the issues may be admissible. Leeway is allowed even on direct examination for proof of facts that merely fill in the background of the narrative and give it interest, color, and lifelikeness." 1 McCormick On Evid. § 185 (7th ed.).

Here, evidence of Plaintiff's marital status, the death of her husband and daughter, and her cancer, are background information which will allow the jury to know the Plaintiff and may be helpful in their analysis of her credibility. These factors may also be relevant to a determination of her pain and suffering damages claim as they may explain how her injuries

have impacted her daily routines, and how her injuries after the fall may have exacerbated whatever pain and suffering was owing to her skin cancer. The Sixth Circuit has allowed evidence of a preexisting medical condition when a subsequent tort injury is responsible for increasing plaintiff's existing pain and suffering. *Meyers v. Wal-Mart Stores, East, Inc.*, 257 F.3d 625, 632 (6th Cir. 2001). In *Meyers*, the court observed that where the plaintiff suffers from a preexisting medical condition the case "is essentially a parallel to the classic textbook example of the plaintiff with an eggshell skull, where the tortfeasor must take the injured party as it finds him, and is liable for the full extent of the harm caused by its negligence, even if a more 'normal' plaintiff would not have suffered nearly as much." *Id.* (citing W. Page Keeton et al., Prosser and Keeton on The Law of Torts § 43 at 291-92 (5th ed. 1984)).

Defendant relies on *Daley v. LaCroix*, 384 Mich. 4, 13 (1970) for the opposite proposition that a plaintiff cannot recover for a "hypersensitive disturbance where a normal individual would not be affected under the circumstances," but Defendant has lifted that language out of context. *Daley* involved the very narrow situation where a defendant's negligence involves no actual physical contact with the plaintiff. *Daley* held "where a

definite and objective physical injury is produced as a result of emotional distress proximately caused by defendant's negligent conduct, the plaintiff . . . may recover in damages for such physical consequences to himself notwithstanding the absence of any physical impact upon plaintiff at the time of the mental shock." *Id.* at 12–13. In that case, the Michigan Supreme Court allowed plaintiffs to sue for physical illnesses arising from their fright when defendant's automobile sheared off a utility pole which caused high voltage electrical lines to snap, **striking the electrical lines leading into plaintiffs' house, and resulting in considerable property damage.** *Id.* at 6-7. The Court added the restriction that the physical manifestation resulting from plaintiffs' fright must be foreseeable to a "normal" individual to avoid opening the floodgates of litigation. The limitation was warranted because the Court was already vastly expanding a tortfeasor's exposure well beyond its traditional scope when it allowed liability for injuries arising solely from a mental shock. The rule that the damages must be narrowly construed in circumstances where there is no physical impact, but the plaintiff suffers from physical manifestations of fright only, has no application where the negligence alleged involves physical contact as exists in this case. In such a case, the ordinary rule

that the defendant takes the plaintiff as he finds him or her, including the plaintiff with the eggshell skull, applies.

**B.      Prejudice under Fed. R. Evid. 403**

Defendant also argues that even if the evidence is relevant, it should be excluded as more prejudicial than probative.  Defendant relies on several unpublished opinions from this district and elsewhere for the proposition that evidence of a spouse's death and Plaintiff's cancer should be excluded as unduly prejudicial.  To the extent these cases are persuasive authority, the court is not convinced that they support the exclusion of the evidence at issue here.  It is highly unlikely that the introduction of Plaintiff's personal circumstances will inflame the passions of the jury, or create a tendency for them to make their decision based on emotion rather than reason.  The court has confidence in the ability of jurors to reach a fair and impartial verdict, and the court is not concerned that evidence the Plaintiff has cancer or lost her husband will impede their capacity to reach a decision on the merits of this premises liability action.

### III. Conclusion

In sum, the court finds that evidence of the death of Plaintiff's husband and daughter, and her skin cancer are appropriate subjects of direct examination as they provide useful background information which will

assist the jury in understanding the Plaintiff, assessing her credibility, and possibly touching on Plaintiff's damages claim. The court does not find any undue prejudice will result from allowing the testimony Defendant seeks to exclude. Accordingly, Defendant's motions *in limine* (Doc. 26 and 27) are DENIED.

**IT IS SO ORDERED.**

Dated: July 30, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 30, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk