UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY WEDYKE,

        Plaintiff,

vs.

        Case No. 18-CV-10168
        HON. GEORGE CARAM STEEH

SPEEDWAY LLC,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* (ECF No. 35)

This is a premises liability action arising out of Plaintiff Dorothy Wedyke's fall at Defendant Speedway LLC's gas station in Sterling Heights, Michigan. Now before the court is Defendant's motion *in limine* to exclude Plaintiff's July 9, 2019 photographs of the location of her fall. For the reasons set forth below, Defendant's motion shall be DENIED.

### I. Background

On December 17, 2016, Plaintiff fell at a Speedway gas station in Sterling Heights. Plaintiff maintains that her boot caught in a defect in the pavement which was hidden by the slush. Defendant, on the other hand, maintains that Plaintiff slipped on slush which was open and obvious, or that any defect in the pavement was not an unreasonably dangerous condition. There is no dispute that Plaintiff broke her wrist and required

surgery. Plaintiff alleges it is a permanent injury, and that she suffers dull pain daily. She is seeking pain and suffering damages only and has no claim for economic losses or medical expenses.

Plaintiff plans to introduce at trial ten photographs of the Speedway gas station where the incident took place taken on July 9, 2019, and produced to Speedway on July 11, 2019. Defendant argues the photographs should be excluded because (1) they do not accurately depict the scene as it existed on December 17, 2016 when Plaintiff fell, and (2) will confuse or mislead the jury as they are remote in time from the date of Plaintiff's fall.

## II. Standard of Law

A motion *in limine* is a motion "'to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.,* 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The goal of a motion *in limine* is "'to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). But motions *in limine* are usually reserved for situations where the evidence to be eliminated is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.

1997). In general, "a better practice is to deal with questions of admissibility of evidence as they arise" at trial. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may still be excluded by the court if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. Analysis

Defendant argues the recent photographs of the Speedway gas station do not accurately depict the conditions as they existed at the time of Plaintiff's fall on December 17, 2016, and must be excluded under Federal Rule of Evidence 403 because they are likely to confuse or mislead jurors. Plaintiff, on the other hand, maintains that she plans to use the photographs to suggest that the perspective of the surveillance video may have distorted the location of the alleged defect in the pavement. Plaintiff has demonstrated the relevance of the recent photographs. Any differences between the recent photographs taken this summer, and the

scene as it existed at the time of Plaintiff's fall two years ago in the winter, can easily be highlighted by Defendant at trial, including by reference to the surveillance video.  Also, the jury will be able to compare the photographs to the surveillance video and come to their own conclusions.  The court is confident that the jurors will be able to fairly evaluate all of the evidence, including the recent photographs, and that there is no risk of prejudice by admitting them.

## IV. Conclusion

For the reasons set forth above, Defendant's motion *in limine* (ECF No. 35) is DENIED.

IT IS SO ORDERED.

Dated:  September 18, 2019

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 18, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk